UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 MAR 24 PM 4:20
U.S. DISTRICT COURT
N.D OF ALABAMA

| | |
|---|---|
| FOREIGN TRADE ZONE CORP., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KAREN L. SAGER, )<br>)<br>Defendant. ) | Civil Action No. CV-03-S-0250-NE<br><br>ENTERED<br><br>MAR 2 4 2003<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF ALABAMA |

## MEMORANDUM OPINION

Plaintiff, Foreign Trade Zone Corporation, is incorporated under the laws of the State of Alabama and maintains an office in Huntsville, Alabama.[1] Defendant, Karen Sager, is a former shareholder, employee, and director of plaintiff.[2] While it is not clear when defendant began her employment with plaintiff, she became a stockholder in 1996, and was elected to the board of directors on or about January 23, 1998.[3] At some other, unspecified point in time, plaintiff agreed to pay defendant and other corporate employees certain commissions.[4] Plaintiff and defendant dispute whether the commission payments were discontinued by defendant during October of 2000.[5] In any event, on or about October 23, 2002, defendant mailed plaintiff a letter stating that she resigned her employment and director's position, and demanded to see plaintiff's financial records for the purpose of determining the value of her stock before tendering it for sale.[6] Soon thereafter (November 11, 2002), defendant created a limited liability company organized under the laws of the

---

[1] Complaint (attached to Notice of Removal (doc. no. 1)) ¶ 1.

[2] *Id.* ¶¶ 3-4; Counterclaim ¶ 2 (located at pages 9-12 of Answer (doc. no. 4)).

[3] Counterclaim ¶¶ 2-3 (located at pages 9-12 of Answer (doc. no. 4)).

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 6.

[6] Sager Letter of Resignation (attached to plaintiff's motion for preliminary injunction (doc. no. 2)).



State of New York, and named "FTZ Solutions LLC."[7] Plaintiff asserts that, around that same time, defendant wrongfully lured away its customers, defamed it, used its resources to promote her new business, and committed numerous other, allegedly illegal acts.[8]

Plaintiff commenced this action in the Circuit Court of Madison County, Alabama, alleging claims for breach of fiduciary duty, defamation, misappropriation of trade secrets, tortious interference with business relations, service-mark infringement and unfair competition, and also seeking declaratory and injunctive relief.[9] Defendant removed the action to this court, based on the parties' complete diversity of citizenship and the requisite amount in controversy. *See* 28 U.S.C. § 1332(a)(1). Defendant filed an answer and counterclaim for breach of contract, equitable accounting, work and labor done, and fraud (doc. no. 4). The action now is before the court on plaintiff's motion to dismiss counts II and IV of defendant's counterclaim or, in the alternative, for a more definite statement (doc. no. 6).

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)[10]). Consequently, a complaint should not be

---

[7] Complaint (attached to Notice of Removal (doc. no. 1)) ¶ 10.

[8] *Id.* ¶¶ 11-17.

[9] *Id..*

[10] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed

dismissed for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102.[11] When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc.*

---

> to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[11] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102; *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

*v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

Here, however, the court has more than pleadings for consideration. Both parties have filed briefs, some of which are supplemented with evidentiary submissions. If matters outside the pleadings are presented to and considered by the court when ruling upon a Rule 12(b)(6) motion, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b), Fed. R. Civ. P.; *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D. D.C. 1986)(Richey, J.). This allows the court's inquiry to be fact specific and allows the nonmovant to demonstrate the existence of any genuine issues of material fact.

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Upon consideration of the motion, briefs, and evidentiary submissions, this court is of the opinion that plaintiff's motion is due to be granted in part and denied in part.

## II. DISCUSSION

### A. Counterclaim Count II: Demand for an Equitable Accounting

Count II of defendant's counterclaim states, in pertinent part, that:

> 14. Sager remains a shareholder of Foreign Trade Zone Corporation at the present time.
>
> 15. Foreign Trade Zone Corporation still owes certain fiduciary duties to Sager because she remains a shareholder.
>
> 16. As a shareholder of Foreign Trade Zone Corporation, Sager has the right to demand an accounting of the finances, including current assets and liabilities, of the Foreign Trade Zone Corporation.
>
> WHEREFORE, Sager requests that this Court order an accounting of the finaces of Foreign Trade Zone Corporation.

Plaintiff counters by arguing that "Count II of Sager's Counterclaim demands an equitable accounting, which is not available to shareholders under Alabama law. *See* Ala. Code § 10-2B-16.02. Sager's demand for an equitable accounting therefore does not state a claim for which relief may be granted, and should be dismissed."[12] The Alabama Code section cited by plaintiff provides, in pertinent part, that:

> *A shareholder of a domestic corporation* or of a foreign corporation with its principal office within this state who shall have been a holder of record of shares for 180 days immediately preceding his or her demand or who is the holder of record of at least five percent of the outstanding shares *is entitled to inspect and copy* during regular business hours at a reasonable location within this state specified by the corporation, or in the case of accounting records of the corporation, if the records are maintained outside the state and inspection and copying within this state is impracticable, at a reasonable location outside the state specified by the corporation, *for any proper purpose, all of its books, papers, records of account, minutes and record of shareholders*, if the shareholder gives the corporation written notice of his or her demand, stating the purpose therefor, at least five business days before the date on which he or she wishes to inspect and copy.

Ala. Code § 10-2B-16.02(b) (1975) (1999 Replacement Vol.) (emphasis supplied).

Plaintiff correctly points out that this Code section does not provide defendant with any rights beyond inspection of the corporate books. However, it also does not contain any express prohibition against defendant obtaining an accounting of plaintiff's finances pursuant to equitable principles, nor has plaintiff cited any other authority which imposes such a bar. Accordingly, Alabama Code § 10-2B-16.02(b) does not mandate dismissal of defendant's counterclaim for an equitable accounting.

Plaintiff alternatively argues that defendant cannot demand an equitable accounting because plaintiff's counterclaim "does not allege a <u>breach</u> by [plaintiff] of fiduciary or other duties."[13] Such

---

[12] Plaintiff's Motion to Dismiss or for a More Definite Statement (doc. no. 6) ¶ 1.
[13] Plaintiff's Reply (doc. no. 9) ¶ 1 (emphasis in original).

an argument construes defendant's pleadings in an unreasonably narrow manner. Defendant clearly states that plaintiff "still owes certain fiduciary duties" to her, as a shareholder. Therefore, defendant's counterclaim for an equitable accounting is not due to be dismissed because of any pleading deficiency.

### B.     Counterclaim Count IV: Fraud

Count IV of defendant's counterclaim, entitled "Fraud," states, in pertinent part, that:

> 20.  Foreign Trade Zone Corporation represented to Sager that it would pay her commissions for work she performed for Foreign Trade Zone Corporation.
>
> 23.  [sic][14] Sager believed the representations and in reliance upon them continued performing work for Foreign Trade Zone Corporation.
>
> 24.  Foreign Trade Zone Corporation refuses to pay such commissions and denies that it promised to pay such commissions.
>
> WHEREFORE, Sager prays for judgment against Foreign Trade Zone Corporation in the amount of $178,636.47, plus interests [sic], costs, and attorneys' fees.

Plaintiff asserts that defendant's fraud counterclaim was not pleaded with particularity, as required by Federal Rule of Civil Procedure 9(b), and, as such, is due to be dismissed. Alternatively, plaintiff moves for a more definite statement under Federal Rule of Civil Procedure 12(e).

This court declines plaintiff's invitation to dismiss Count IV of defendant's counterclaim, and analyzes this portion of plaintiff's motion in its alternative form. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (observing that "although a court may dismiss a claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so").

Federal Rule of Civil Procedure 9(b) provides that, "[i]n all averments of fraud or mistake,

---

[14] There are no paragraphs number 21 and 22.

the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "The purpose of Rule 9(b) is to provide fair notice of the alleged fraud to the opposing party." *Buckmasters, Ltd. v. Action Archery, Inc.*, 915 F. Supp. 1188, 1194 (M.D. Ala. 1996) (citation omitted). The rule also "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal quotation marks and citations omitted). Rule 9(b) is satisfied when the pleading party pays proper attention to the four "w's" — who, what, when, where — that is, she specifically alleges:

(1) precisely what statements were made in what documents or oral representations[,] or what omissions were made, and

(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

(3) the content of such statements and the manner in which they misled the plaintiff, and

(4) what the defendants obtained as a consequence of the fraud.

*Brooks*, 116 F.3d at 1371 (internal quotation marks and citations omitted). Here, defendant has not met these criteria — *e.g.*, she has not identified *precisely* what statements were made, by whom they were uttered or written, nor the time and place that they were uttered or written, etc. Thus, plaintiff's motion for a more definite statement is due to be granted.

### III. CONCLUSION

In accordance with the foregoing, plaintiff's motion to dismiss is due to be denied. However, the alternative aspect of that motion, moving this court to compel plaintiff to provide a more definite

statement of the facts giving rise to her fraud counterclaim, is due to be granted.

DONE this **24th** day of March, 2003.

_____
United States District Judge